UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KIRK D. WILLIAMS, | Case No. 2:25-cv-02980-DC-CSK |
|---|---|
| Plaintiff, | |
| v. | ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST TO PROCEED IFP |
| JACK IN THE BOX, et al., | |
| Defendants. | (ECF No. 2) |

Plaintiff Kirk D. Williams is representing himself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) For the reasons stated below, the Court DENIES Plaintiff's request to proceed IFP without prejudice.

I. **LEGAL STANDARDS**

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v.*

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

*Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). To qualify to proceed in forma pauperis, the litigant must submit an affidavit that includes a statement of all assets they possess. 28 U.S.C. § 1915(a)(1). The affidavit must also state that the person is unable to pay the fees or give security. *Id*. The affidavit must provide "sufficient details concerning [the applicant's] income, assets, and expenditures[.]" *Williams v. Cnty. of Ventura*, 443 F. App'x 232, 233 (9th Cir. 2011) (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (an affidavit claiming poverty in support of a motion made under 28 U.S.C. § 1915 must state the relevant facts "with some particularity, definiteness, and certainty").

**II.     DISCUSSION**

In its current form, Plaintiff's IFP application is incomplete. *See* ECF No. 2. Plaintiff does not respond to questions regarding any additional income sources, his employment history, his spouse's employment history (if applicable), or how much money he has in bank accounts or in any other financial institution. *Id*. at 1-2. Therefore, Plaintiff's IFP application lacks sufficient detail to establish that he is entitled to prosecute this case without paying the required fees. *See Williams*, 443 F. App'x at 233; *see also* 28 U.S.C. § 1915(a)(1). Plaintiff will be provided an opportunity to file an amended IFP application. Therefore, Plaintiff's request to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice to its renewal. Plaintiff is warned that failure to pay the filing fee or submit a complete IFP application with sufficient detail by the prescribed deadline may result in a recommendation that this action be dismissed.

**III.    CONCLUSION**

In accordance with the above, IT IS ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice; and

/ / /

/ / /

/ / /

2. Plaintiff must pay the filing fee or file a complete and signed application to proceed IFP within thirty (30) days from the date of this order.

Dated: January 7, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, will2980.25