UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK DOUGLAS WILLIAMS, | Case No. 2:25-cv-02980-DC-CSK (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S IFP REQUESTS |
| JACK IN THE BOX, | |
| Defendant. | (ECF Nos 6 & 7) |

Plaintiff Kirk Douglas Williams, who proceeds without the assistance of counsel, requests leave to proceed in forma pauperis ("IFP") without prepayment of the filing fee under 28 U.S.C. § 1915. IFP (ECF Nos. 6 & 7.)[1]

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A plaintiff's application to proceed in forma pauperis "may be denied . . . based on his frivolous/abusive filing practices." *Williams v.*

---

[1] This case was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Eastern District of California Local Rule 302(c).

1

*Joyy, Inc.*, No. 2:25-cv-03351-DC-CKD PS, 2026 WL 145681, at *2 (E.D. Cal. Jan. 20, 2026) (citing *Butler v. Dept. of Justice*, 492 F.3d, 445-47 (D.C. Cir. 2007) (concluding that "prolific filer" who made a "pastime" of federal litigation could file future cases "on his own dime.")); *see also Gradford v. Gray*, No. 1:22-cv-01304 SAB, 2023 WL 2602271, at *8, n.1 (E.D. Cal. March 22, 2023) (same).

Here, Plaintiff has filed eleven civil cases in this judicial district, most of which have been dismissed, and has been advised that IFP status may be denied in the future. *See Williams*, 2026 WL 145681,at *1-2. There is an open question as to whether Plaintiff actually lives in this district and/or has been filing additional cases in San Diego, where he has also claimed to reside. *See id.* at *2. To date, Plaintiff has ignored an order directing him to submit a list of all cases he has filed in the Southern District of California in order to prevent duplicative litigation. *See id.* at *2, 4.

Under these circumstances, the Court finds that Plaintiff should be required to pay the filing fee in this action in order to discourage frivolous (and possibly duplicative) litigation in this district, where judicial resources are limited due to record numbers of cases. Presently, a filing fee of $405.00 is required to commence a civil action in this court.

Accordingly, the undersigned RECOMMENDS:

1. Plaintiff's IFP requests (ECF Nos. 6 & 7) be DENIED;

2. Plaintiff be granted fourteen (14) days to pay the $405 filing fee for this action; and

3. Plaintiff be warned that failure to pay the filing fee may result in dismissal under Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  No objections period is required for IFP denials. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998), as amended (Sept. 9, 1998) ("[Plaintiff] was not entitled to file written objections to the magistrate judge's recommendation that [her] application to

proceed in forma pauperis be denied.").

Dated:  April 14, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

6/will2980.ifp.denial

3